Defendant: OSCAR GONZALEZ  Page 1 of 6
Case Number: 2:10cr109-016

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**
        Plaintiff

v.                            Case Number 2:10cr109-016

                                      USM Number 11914-027

**OSCAR GONZALEZ**
        Defendant
                                      **BRUCE D PARENT**
                                      Defendant's Attorney

_____

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to counts 1 and 2 of the Third Superseding Indictment on 6/26/2012.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| 18:1962(d) - Conspiracy to Participate in Racketeering Activity | November 2011 | 1 |
| 21:846 - Conspiracy to Possess with Intent to Distribute and Distribute 5 Kilograms or More of Cocaine, and 1,000 Kilograms or More of Marijuana | November 2011 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

May 21, 2013
Date of Imposition of Judgment

/s/ Rudy Lozano
Signature of Judge

Rudy Lozano, United States District Judge
Name and Title of Judge

May 22, 2013
Date

Defendant: OSCAR GONZALEZ                                                                                       Page 2 of 6
Case Number: 2:10cr109-016

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **240 months** for each of Counts 1 and 2 of the Third Superseding Indictment, to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant be given credit for time served.
That the defendant be incarcerated in a federal facility as close to **Chicagoland area** as possible.
That the defendant be allowed to participate in job skill and/or educational opportunities while incarcerated.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____
_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years.** This consists of concurrent terms of 5 years for each of Counts 1 and 2 of the Third Superseding Indictment.

If not deported, the defendant must report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and two (2) periodic drug tests thereafter, as determined by the Court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

## SPECIAL CONDITIONS OF SUPERVISION

If the defendant is deported, he shall not re-enter the United States without the express permission of the appropriate government authority.

The defendant shall participate in a substance abuse treatment program and shall abide by all program requirements and restrictions, which may include testing for the detection of alcohol or drugs of abuse at the direction and discretion of the probation officer. While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7. The defendant shall not be allowed to work at a tavern or to patronize taverns or any establishments where alcohol is the principal item of sale. The defendant shall pay all or part of the costs for participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services adopted by this court.

The defendant shall participate in a mental health treatment program and shall abide by all program requirements and restrictions. The defendant shall pay all or part of the costs for participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this court.

If not employed at a regular lawful occupation, the defendant shall perform at least 30 hours of community service each week and participate in a job skill training and counseling program, daily job search or other employment-related activities, at the defendant's own expense, all a approved and directed by the probation officer, to begin within the first ninety (90) days of placement on supervision.

Defendant: OSCAR GONZALEZ                                                                                       Page 4 of 6
Case Number: 2:10cr109-016

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the Court or probation officer.
2. The defendant shall report to the probation officer in the manner and as frequently as directed by the Court or probation officer.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support his dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer within ten (10) days of any change in residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $200.00 | NONE | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320.  The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No restitution was ordered.

Defendant: OSCAR GONZALEZ  Page 6 of 6
Case Number: 2:10cr109-016

Name:     OSCAR GONZALEZ

Docket No.:     2:10cr109-016

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

      Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

      I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)
_____   _____
Defendant                                                              Date


_____   _____
U.S. Probation Officer/Designated Witness        Date